IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| UNITED STATES OF AMERICA | ) | CR. NO.: 9:23-CR-00460-BHH |
|---|---|---|
| -vs- | ) ) ) ) ) | |
| JOHN MAURICE ANDERSON | ) ) | |

## MOTION FOR VARIANCE OR DEPARTURE AND SENTENCING MEMORANDUM

Defendant John Maurice Anderson requests that this Court vary from the current advisory guideline range based on his minimal criminal history, efforts at cooperation, and the policies underlying current methamphetamine sentencing guidelines.

### Background

**A.     Personal History**

Mr. Anderson, known as Mike, was born and raised in the Hampton, South Carolina, area. He is close with his mother, and his family is close. Mike has five children and has raised his girlfriend's son on his own. Two of Mike's children particularly rely on him as a role model and provider. Mike is close to his siblings, one of whom served in the military and resides in Egypt, where he works for a contractor, and another in Texas. Mike's family has unfortunately dealt with some significant health challenges in recent years, as both his mother and sister are currently fighting cancer, with his mother currently undergoing radiation five times a week and having recently undergone surgery.

**B.     Lack of Significant Prior Record**

1

As reflected in the Presentence Investigation Report (PSR), Mike has no criminal history points. He has a prior drug charge from 2007, and misdemeanor offenses from 2018. He faced significant charges in 2004; however, those charges have since been expunged.

Mike takes full accountability for his current charges. Consistent with the reports in this case, Mike was aware of individuals who both used and sold controlled substances. In his case, the confidential informant (CI) was someone he had known for some time. When the CI reached out to Mike to get drugs, Mike had to, in turn, request those from another individual, who is a co-defendant in his case. This happened on several occasions and shows that Mike did not maintain a source of controlled substances for distribution and that he was distributing controlled substances based on the individual request of a person he knew. Mike's mother's residence was searched, and drugs were located there. However, Mike did not reside at the home. He is not objecting to the drug weight that was located at the house because it does not affect his guideline range. However, several individuals, including one of his co-defendants, often stayed at his mother's and had access to her residence. Mike is not minimizing his conduct – he has pled guilty to distributing controlled substances. However, taking into account his minimal criminal history and the circumstances of his offense, he was not making a living as a drug dealer. Instead, he ran a trucking business. Mike previously owned a truck he leased out and shared the business with a friend. He later used box trucks for contracts and was unfortunately injured and had to shut the business down.

C.   **Efforts at Cooperation**

Soon after Mike's arrest, he reached out to the government to take accountability for his conduct. Initially, the government did not want to speak to Mike. However, Mike remained willing to provide information. As will be discussed more fully on the record and as reflected in

related cases, Mike has contributed to the decisions of others to plead guilty, and this information was made available to this court for sentencing consideration in other cases.

The government has indicated that this is insufficient for a USSG § 5K1.1 motion for downward departure. It has further stated that it is insufficient for safety valve eligibility. Setting aside the argument relating to safety valve eligibility, which is taken up in Mike's objections to the PSR, his efforts should be considered in any variance from the advisory guideline range.

### D. Public Policy

Several courts have issued downward departures based on the lack of empirical support underpinning the sentencing guidelines relating to Methamphetamine, and it is an appropriate consideration in Mike's case.

In *United States v. Johnson*, 379 F.Supp.3d 1213 (M.D. Ala. 2019), the district court granted a downward departure from the guidelines based on "policy disagreements this court shares with a growing number of district courts across the country. Specifically, sentence lengths are inordinately driven by the quantity and purity of the methamphetamine involved in the offense . . . (and) the guidelines do not give enough weight to the offender's role which better indicates culpability." *Id*. at 1215.

Courts may vary from the applicable guidelines range based on their disagreement with a Guidelines policy. *Id*., citing *Kimbrough v. United States*, 552 U.S. 85, 109-10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). As outlined in *Johnson*, several counts have found that variances are appropriate, at least in part, because the drug trafficking guidelines are not rooted in empirical evidence. *See United States v. Diaz* ("the court placed 'almost no weight' on the Guidelines range for the defendant middleman in a heroin sale, given that 'Guidelines ranges for drug trafficking offenses are not based on empirical data, Commission expertise, or,' as discussed later in this

3

opinion, 'the actual culpability of defendants.' 2013 WL 322243, at *1 (E.D.N.Y. Jan. 28, 2013) (Gleeson, J.)); *United States v. Hayes* (Judge Bennett concluded that the "methamphetamine Guidelines are entitled to less deference than those Guidelines that were based on the Commission's exercise of institutional expertise and empirical analysis." 948 F.Supp.2d 1009, 1027 (N.D. Iowa 2013)); *United States v. Castellanos*, 2008 WL 5423858, at *7 (D. Neb. Dec. 29, 2008) (Bataillon, C.J.) (holding in a methamphetamine-sentencing case that, "because the drug offense Guidelines were promulgated pursuant to Congressional directive rather than by application of the Sentencing Commission's unique area of expertise, the court affords them less deference than it would to empirically-grounded Guidelines"); *United States v. Ibarra-Sandoval*, 265 F.Supp.3d 1249, 1252 (D.N.M. 2017) (Brack, J.) (varying downward in part because the "methamphetamine Guidelines are not based on empirical data"). *United States v. Nawanna*, Judge Bennett specifically found that the methamphetamine guidelines' 10-to-1 ratio between methamphetamine mixture and actual methamphetamine was not based on empirical analysis.)

Consistent with *Kimbrough* and the district court opinions discussed above, this Cout should consider the lack of empirical study and expert analysis underlying the methamphetamine guidelines as a factor in a variance or departure.

### Goals of Sentencing

Title 18 U.S.C. § 3553(a) seeks to achieve an equitable sentencing scheme. In determining the sentence to be imposed, a district court must consider the range of the advisory guidelines and sentencing factors set out in Section 3553(a). *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). District courts are mandated to impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

A defendant "shall be sentenced in accordance with the provisions of this chapter so as to

achieve the purposes set forth in subparagraphs (A) through (D) of § 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case." 18 U.S.C. § 3551(a).

The purposes of sentencing are set forth in Section 3553 (a)(2): (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner. The sufficient-but-not-greater-than-necessary requirement is not simply another "factor" to be considered along with the others outlined in Section 3553(a). Instead, the sufficient-but-not-greater-than-necessary requirement sets an independent limit on the sentence a court should impose.

With the Sentencing Guidelines now advisory, District Court Judges have a renewed, virtually unlimited ability to consider facts relevant to the Section 3553(a) factors in fashioning a sentence. *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

To comply with the four purposes described, the sentencing court must consider the following seven factors identified in 18 U.S.C. § 3553(a)(1)-(7), which are summarized as follows:

> *(1) The nature and circumstances of the offense and the history and characteristics of the defendant;*
> *(2) The need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide educational or vocational training to the defendant;*
> *(3) The kinds of sentences available;*
> *(4) The kind of sentence and the sentencing range established pursuant to the U.S. Sentencing Guidelines;*
> *(5) Any pertinent policy statement issued by the Sentencing Commission;*
> *(6) The need to avoid unwarranted sentence disparities among*

> *defendants with similar records found guilty of similar conduct and*
> *(7) The need to provide restitution to any victims of the offense.*

Consideration of the Guidelines is only "the starting point and the initial benchmark." *Gall v. U.S.*, 552 U.S. 38, 39, 128 S.Ct. 586, 596 (2007). The sentencing court must make an individualized assessment based on the facts presented and may not assume that the guidelines' range is reasonable. *Id*. at 40-41.

**Conclusion**

Mike's advisory guideline range is 108-135 months. PSR ¶ 68. Mike has demonstrated his personal character through his cooperation and lack of significant criminal history. However, his cooperation has been significant. Also, as several courts have recognized, methamphetamine guidelines are not based on empirical studies, which can be a basis for a variance or departure. For these reasons, a sentence below the advisory guideline range would constitute a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

Respectfully submitted,

*s:/ Nathan S. Williams*
Nathan S. Williams (Fed. ID 10400)
Law Offices of Nathan S. Williams
266 W. Coleman Blvd., Ste. 204
Mount Pleasant, South Carolina 29464
nathan@scfederaldefense.com
(843) 209-6972

February 26, 2025
Mount Pleasant, SC